FILED
Clerk
District Court

MAR 11 1986

For The Northern Mariana Islands
By
(Deputy Clerk)

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

WILLIAM NABORS, ESTEVEN KING,       )       DCA NO. 86-9005
DAVID CING,                         )
                                    )
        Plaintiffs/Appellants.)
                                    )
            vs.                     )       OPINION
                                    )
HERMAN MANGLONA, MANUEL P.          )
VILLAGOMEZ, HOWARD MACARANAS,       )
IGNACIO QUICHOCHO,                  )
                                    )
        Defendants/Appellees. )
_____)

        Attorney for Appellants:      James S. Sirok
                                      3rd Floor, Nauru Building
                                      Saipan, CM  96950

        Attorney for Appellees:       Robert J. O'Connor
                                      P. O. Box 690
                                      Saipan, CM  96950

BEFORE:  LAURETA and DUENAS, District Judges and MUNSON*, Chief
         Justice

Per Curiam:

        Plaintiffs-appellants, William Nabors, Esteven King, and David Cing, appeal from a decision of the Commonwealth Trial Court dismissing their complaint for failing to state a cause of action cognizable under 1 C.M.C. §6421. We agree with the trial court that appellants have failed to state a cause of action for which relief can be granted and accordingly, we affirm.

_____

*Trust Territory High Court Chief Justice sitting pursuant to 48 U.S.C. §1694b.

502

On November 3, 1985, the Commonwealth held a general election to elect, among others, the Mayor of Tinian and members of the Senate and the House of Representatives. The plaintiffs-appellants, William Nabors, Esteven King, and David Cing, are Democrats and were candidates for these offices. The defendants-appellees, Herman Manglona, Manuel P. Villagomez, Howard Macaranas, and Ignacio Quichocho are Republicans and were determined by the Board of Elections (Board) to be the winners of the election. The appellants allege that there was a scheme instituted for the election on Tinian in which voters placed distinguishing marks on their ballots for the purpose of being later identified by party officials who could verify their loyalty.

Appellants filed an election contest with the Board on November 8, 1985, pursuant to 1 C.M.C. §6423. This contest was based on appellants' assertions that appellees unlawfully caused illegal votes to be cast by coercing voters on Tinian to vote for them in violation of 1 C.M.C. §6411 and contrary to the protection guaranteeing voting by secret ballot embodied in the United States and Commonwealth constitutions. They further alleged that the appellees had instituted a system whereby they could verify the fact that the coerced voters had voted as they were told and that appellants would have prevailed in the November 3, 1985, election had this system not been employed. Appellants also argued that the Board was aware of the scheme used by the Republican Party and that the Board's failure to

AO 72
(Rev.8/82)

prevent this practice was a further violation of the Commonwealth Code.

The Board dismissed appellants' contest on December 20, 1985, concluding that they had not met their burden of proof. Appellants then filed an Election Complaint in the Commonwealth Trial Court pursuant to 1 C.M.C. §6430 which allows contestants to file an identical complaint in that Court if they are not satisfied with the Board's determination. This complaint was similar to the one filed with the Board except that the allegations of coercion on the part of the appellees in the alleged scheme to monitor the election were eliminated. In this complaint, appellants specifically alleged that the voters violated 1 C.M.C. §6411 by identifying themselves on their ballots by the use of code names; that the Board was aware of and participated in this violation by allowing Senator Dela Cruz to monitor the vote tabulation; and that the ballots, as marked, are void under 1 C.M.C. §6415(b) (Ballot Irregularities) and 1 C.M.C. §6411 (Secret Ballots) and should not have been counted.

The Commonwealth Trial Court dismissed the complaint on February 5, 1986, concluding that it lacked jurisdiction to hear the case since a voter's voluntary self-identification by placing a distinguishing mark on his or her ballot is not a violation of the election act. Therefore, these votes were legal. The court also found that voluntary participation in a scheme to insert code names on the ballots did not violate the provisions of the Code regarding secrecy of the ballot, §6411(a), marks contrary to

504

the provisions of the law, §6415(b), or illegal votes, §6421(c). It also found that this practice was not proscribed by §6421(d) regarding the Board's conduct in tabulating the votes.

The issue before the court is whether a ballot containing distinguishing marks voluntarily placed there by a voter for the purpose of subsequent identification is valid and should be counted.

1 C.M.C. §§6401-6432 sets up a comprehensive system of statutory law which governs elections in the Commonwealth of the Northern Mariana Islands. Section 6411 guarantees qualified voters "the right to cast a secret ballot in private." Section 6415 governs ballot irregularities. Subsection (b) of §6415 states that "any ballot which is not marked as provided by law shall be void ..." Subsection (d) states that "a ballot may not be rejected for any error which does not render it impossible to determine the voter's choice even though the ballot has been severely soiled or defaced." And subsection (e) states that "if for any reason it is impossible to determine the voter's choice for any office, the ballot may not be counted for that office. The rest of the ballot, if properly marked, shall be counted."

Section 6421 allows any voter to contest an election for any of the following reasons:

(a) The person declared the winner of that office will not be eligible for that office at the beginning of its term;

(b) The candidate has given to an election official a bribe or reward, or has offered a bribe or reward for the purpose of procuring

AO 72
(Rev.8/82)

505

his election, or has committed any offense against this Act;

(c) Illegal votes were cast; or

(d) The Board in the conduct of election or tabulation of votes made errors sufficient to change the result of the election as to any person who has been declared elected.

Appellants do not argue that the alleged scheme violated §6421(a). They also do not allege that the candidates themselves violated any of the rules therefore, §6421(b) does not come into play. Section 6421(c) deals with illegal votes. Though there is no definition of illegal votes in the Code, appellants argue that the votes with distinguishing marks are void which they equate with illegal, and therefore, they should not be counted.

Appellants first argument in support of this is that under 1 C.M.C. §6411 a voter has a right to cast a secret ballot in private. They contend that not only must voters be provided with a private place to vote but they must also cast a secret ballot. According to appellants, the purpose of this system is to insure secret voting and that allowing oneself to be identified is contrary to this purpose and any ballot which allows for such identification should not be counted.

Appellants' argument must fail. They misinterpret §6411. This section provides that "[e]ach qualified voter has the right to cast a secret ballot..." 1 C.M.C. §6411. This is not a right held by citizens in general; it is an individual right guaranteed to each individual voter. This right can be

waived by the voter. Jones v. Glidewell, 53 Ark. 161, 13 S.W. 723 (1890). The voters voluntarily chose to waive this right when they used code names on their ballots and the unsuccessful candidates do not have standing to challenge this waiver.

Appellants cite numerous authorities to support the proposition that identifying marks placed on a ballot by a voter for any reason render the ballot void. See, Fair v. Hernandez, 172 Cal.Rptr. 379, 116 Cal.App.3d 868 (4th Dist. 1981); Campbell v. Little, et al., 351 Ky. 312, 66 S.W.2d 67 (1933); Howard v. Rowland, 261 S.W.2d 280 (Kentucky 1983); La Farge, supra. These decisions, however, are all based on statutes which expressly prohibit these marks and specifically state that ballots with such marks are void. The Commonwealth does not have a similar statute so these cases are not instructive. Evans v. Reiser, 2 P.2d 615 (Utah, 1931), also cited by appellants, is a case with no such statutory prohibition. In that case the court invalidated ballots containing distinguishing marks pursuant to a statute which provided that any ballot marked by a voter in any other manner than as authorized shall be rejected. However, unlike in the case at bar, a provision in that statute required the preparation and posting of notices informing the voters that identification markings on a ballot rendered it invalid. Id. at 623. Again, that is not the situation here. The Commonwealth Election statutes do not prohibit distinguishing marks on ballots and this Court will not now do what the legislature has chosen not to do.

AO 72
(Rev.8/82)

Appellants next contend that the ballots containing distinguishing marks are contrary to the law and therefore should not be counted. They support this argument on several grounds. First they cite Evans, supra, wherein that court held that identifying marks on a ballot fall within the definition of unauthorized marks rendering a ballot void. The statute in Evans stated that "any ballot marked by a voter in any other manner than as authorized . . . shall be rejected." Evans, 2 P.2d at 623. Section 6415(b) of the Commonwealth Code states that "any ballot which is not marked as provided by law shall be void..." But, as pointed out above, a provision in the statute in Evans specifically required that notices be placed in the polling places informing voters that identification marks on a ballot rendered the ballot invalid.

The court determined that that section was specifically intended to preclude identification marks on the ballots. This is not the case before the Court today. There is no indication that the Commonwealth Legislature intended this result; in fact, the election statutes are to the contrary. Section 6415(d) states that a ballot may not be rejected for any error unless it is impossible to determine the voter's choice. Subsection (e) of this same section provides that where it is impossible to determine the voter's choice for one office the ballot shall not be counted for that office but the rest of the ballot should be given effect provided it is properly marked. So under the Commonwealth statutory scheme these ballots were valid and should have been counted.

508

Appellants also argue that the voluntary identification of the voters violates the constitutional and statutory provisions regarding secret ballots under §6415(b) because the ballots are not marked as provided by law. This argument must fail. The right to a secret ballot is the voter's right, not the candidate's (except in their role as voters). This right can be waived by these voters and the candidates do not have standing to challenge this waiver.

Appellants argue that the Board was aware of the alleged scheme and that their failure to act to prevent it was in derogation of their duties. Section 6415 mandates that the Board tabulate all votes that are cast unless they fall within the exceptions contained therein. Voluntary identification by a voter is not one of the exceptions; the Board had a duty to count those votes. The voluntary identification of a ballot by a voter does not run afoul to the code and therefore there is no basis for appellants' complaint under §6421.

This opinion should not be read to imply that this Court condones the scheme instituted on Tinian. We find it extremely disturbing that in this day and age the democratic process can be attacked as it was on Tinian leaving the unsuccessful candidates with no recourse in the courts. But the court is bound by the laws as enacted by the Commonwealth Legislature and until it acts to change this apparent loophole, the parties will be left to the judgment of the voters who must decide how they can best exercise their right to freely elect

509

their government leaders.

For the foregoing reasons, we affirm the decision of the Commonwealth Trial Court.

_____
JUDGE ALFRED LAURETA

_____
JUDGE CRISTOBAL C. DUENAS

_____
JUDGE ALEX R. MUNSON